EUSEBIA DICKSON ET AL., Appellants, *v.* JAMES L. HUSE ET AL., Respondents.

December 16, 1879.

Where the financial agent and adviser of a debtor advances money and pays the creditors, of whom he is one, in the absence of anything tending to show fraud, the mere fact that the note given by the debtor to secure the advance is made payable to an outside party is immaterial, and furnishes no ground for invoking the rule that the law looks with jealousy upon all transactions in which one party sustains fiduciary relations to the other. The note being unimpeachable, it is immaterial that it was transferred before maturity.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

HUDGENS & DAVIS, for the appellants: The note and deed having been secured by the confidential agent of the maker, under the circumstances of the case the law presumes them to be fraudulent and void. — *Street* v. *Goss*, 62 Mo. 226; *Garvin* v. *Williams*, 44 Mo. 464; *Cadwallader*

v. *West*, 48 Mo. 483; *Yosti* v. *Loughran*, 49 Mo. 594; Story's Eq. Jur., sects. 309 *et seq.* The holder, having taken the note after maturity, is not an innocent purchaser without notice. — *Chappell* v. *Allen*, 38 Mo. 213; *Noel* v. *Gaius*, 68 Mo. 649. The payee had no interest in the note, and the purchaser after maturity stands in his shoes. — *Aubuchon* v. *Bender*, 44 Mo. 560; *Maupin* v. *Emmons*, 47 Mo. 304; 3 Washb. on Real Prop. (3d ed.) 289, 360; *Boone* v. *Chiles*, 10 Pet. 211. The transfer of the notes "without recourse" was a mere quitclaim to the notes, and the purchaser, by such claim, cannot be an innocent purchaser. — *Man* v. *Best*, 62 Mo. 496, 497; *Ridgeway* v. *Holliday*, 59 Mo. 444; *Oliver* v. *Pratt*, 5 How. (U. S.) 333; 11 How. (U. S.) 322; 33 Mo. 293; 1 Johns. Ch. 213; 2 Johns. Ch. 523; How. (Miss.) 609; 53 Mo. 413.

HENRY BERRY and M. L. GRAY, for the respondents.

HAYDEN, J., delivered the opinion of the court.

The plaintiffs make out no case upon the facts by which they can secure the application of the legal principles they invoke. What the transaction amounts to is this: The plaintiff, Mrs. Dickson, who seeks to have set aside the deed of trust which recites her indebtedness, and which deed she duly executed and acknowledged, was obliged to raise money to pay her debts. Holliday, one of the defendants, who was her agent and adviser, had advanced money for her, and was one of her creditors. He counselled her not to sell the real property here in question, but to raise money by giving an encumbrance upon it. In making out this deed of trust, Holliday, who procured and advanced the money upon the security of the deed, instead of having his own name inserted as *cestui que trust*, caused to be put in — for the reason, as he says, that he did not wish his own name to appear in the transaction — that of his brother-in-law, one Wear, who accordingly indorsed

the notes then made payable to his order. The evidence shows that the plaintiff Mrs. Dickson had knowledge of these facts, and that the amount of the notes was paid to her, or to her creditors for her. She was present when the calculation was made, and made no complaint at the disposition of the money, merely expressing disappointment that the cash balance coming to her was so small. Holliday afterwards sold the notes to Huse, a defendant here, to whom they were indorsed without recourse, Holliday procuring Wear's indorsement and indorsing himself. In default of payment, Huse had the property regularly sold, and bought it in at the trustee's sale.

The title to the property is in Huse, and the plaintiffs make out no case against him. He is a *bona fide* purchaser of the notes from Holliday. That some of these notes were overdue and under protest when Huse bought them, has here no legal effect; nor does it cut any figure that the deed of trust had in it the common provision by which a failure to pay one note caused all to become due. It is true that Huse, taking the notes and deed with this provision in it, is charged with notice of the effect of such provision so far as regards the real estate collateral. *Swope* v. *Leffingwell*, 4 Mo. App. 539. But Huse is affected with no knowledge of fraud, for the reason that there was no fraud in the case.

It is true that equity jealously watches such relations as those which Holliday here took upon himself. He was the creditor of the plaintiff, and he advanced the money, a part of which went to pay his own debt. He was also, to a certain extent, the agent and adviser of the plaintiff. Whatever presumptions arise from these facts, the plaintiff is entitled to the benefit of. But here the matters of fact are sifted; the whole transaction is examined, and, on all the evidence, is shown to be a fair one. The plaintiff does not attempt to impeach the notary's certificate, and it is shown that the deed was read to her by the person who was trustee in it. She received, as is shown, full consideration from

Holliday for its execution. It is indeed said that the *cestui que trust* did not own the notes, and it seems to be argued that it was a fraud to put Wear's name in them and in the deed, instead of the name of Holliday; that as Wear paid nothing for the notes, Huse was not an innocent purchaser for value. But, in the first place, if the original defences are opened, it makes no difference, as there are no defences; and, in the shoes of Holliday, the defendant Huse makes out a perfect case. The fact that, as between Wear and Holliday, the question might have arisen, owing to their relative situations, cuts no figure in this suit, which does not deal with matters between them. It is sufficient that the plaintiff cannot impugn Huse's title, who claims under both Wear and Holliday, who jointly could give perfect title to both notes and deed.

There is nothing in the pretence of fraud arising from the fact that Wear's name was inserted in the deed and notes, instead of that of Holliday. No injury was done to the plaintiff; and if there was concealment, it was not in reference to her, nor can she invoke redress. Even where deceit exists, — and none existed here, for the plaintiff knew and remarked upon the fact that Wear, a stranger, was payee in the notes, — it is the injury done by the deceit that the law regards, not the mere imposition.

The decree dismissing the bill was correct, and the judgment is affirmed. All the judges concur.